**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY LOCKE, <u>PRO</u> <u>SE</u>,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | |
| | : | **NO. 07-2272** |
| **JUDGE RENEE CALDWELL, <u>ET</u> <u>AL</u>.,** | : | |
| **Defendants.** | : | |

<u>**MEMORANDUM AND ORDER**</u>

*Gene E. K. Pratter, J.*                                                            *May 14, 2008*

        Plaintiff Anthony Locke, <u>pro</u> <u>se</u>, filed this action against prosecutors, a judge, several court clerks and others, all who allegedly played various roles in connection with his arrest and the resulting criminal prosecution.[1]  He asserts claims premised on Pennsylvania tort law and numerous federal constitutional and statutory laws.  He alleges wrongful conduct on the part of the Defendants in relation to his arrest, his prosecution and the resulting appellate process. Presently before the Court are motions to dismiss filed on behalf of Philadelphia Court of Common Pleas Judge Renee Caldwell Hughes, Pennsylvania Supreme Court Chief Clerk Patricia Johnson, Philadelphia District Attorney Lynne Abraham and Assistant District Attorney James Berardinelli (Doc. Nos. 10 & 11).[2]  For the reasons explained below, the Court will grant both motions.

---

        [1] Service of Summons and Complaint has not been made on Defendants Detective Langiewicz, Vivian T. Miller, or Robert Durison.

        [2] Mr. Locke has not filed a response to the pending motions even though the Court, recognizing his <u>pro</u> <u>se</u> status and the challenges such status necessarily entails, granted him time well beyond the established deadlines to file a response.  <u>See</u>, March 12, 2008 Order (Doc. No. 12).

1

I.      **BACKGROUND**

Although it may not be entirely clear what precise claims Mr. Locke is pursuing in this action, the following facts are based on the specific factual allegations the Court could discern from a review of his Complaint and numerous exhibits.

Mr. Locke asserts that on July 18, 2002, Detective Langiewicz arrested him without probable cause and charged him with attempted murder.  Compl. ¶ 9.  He asserts that Detective Langiewicz lied in order to obtain the arrest warrant.  Id. ¶ 11.  Mr. Locke further asserts that Defendants failed to obtain a grand jury indictment prior to his criminal trial.  Id. ¶ 10.

Mr. Locke claims that on August 17, 2002 Detective Langiewicz again arrested him without probable cause.  Id. ¶ 12.  "All the Defendants' illegal Insubordination Actions caused plaintiff [to be] prosecuted in violation United States Constitution."  Id. ¶ 13.  Mr. Locke asserts that during his trial, District Attorney Lynne Abraham failed to follow the rules of criminal procedure, and the trial judge "denied plaintiff access courts recklessly."  Id. ¶ 14.  On May 16, 2003, prosecutors allegedly used tainted testimony during Mr. Locke's trial.  Id. ¶ 15.

Mr. Locke's allegations against Judge Hughes and Ms. Johnson are not specific, though they appear to express Mr. Locke's dissatisfaction with those Defendants' official responses to certain of his filings in post-trial proceedings.  In paragraph 17 of his Complaint, Mr. Locke states, "The plaintiff received certified response dated December 20th, 2004 from sentencing judge Defendant Rene Caldwell-Hughes denying plaintiff notice also petition re-instated access courts telephone privileges. Denied signed and dated January 4, 2005."   In paragraph 20 of his Complaint, Mr. Locke states, "On or about March 23, 2007, plaintiff sent certified judicial notice...concerning Supreme Court Pennsylvania prothonotary Patricia Johnson alleging plaintiff

reconsideration wasn't filed timely."

In paragraphs 24 through 40 of his Complaint, Mr. Locke includes a lengthy list of causes of action, apparently all based on the above-noted factual allegations.  Such claims include infliction of emotional distress, prosecutorial misconduct, racial and religious discrimination, civil conspiracy, cruel and unusual punishment, and various other violations of his constitutional rights.  Mr. Locke is not specific as to against which Defendants he is making each claim.

## II. DISCUSSION

### A. Legal Standard

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments.  Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).  The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the Mr. Locke.  Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).  A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff.  Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

The review of the sufficiency of Mr. Locke's pro se complaint, "however inartfully pleaded," is less stringent than that of pleadings prepared by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).   "A pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981)

3

(citing <u>Haines</u>, 404 U.S. at 520-21 (quoting <u>Conley v. Gibson</u>, 335 U.S. 41, 45-46 (1957)).

**B. Absolute Prosecutorial Immunity**: **The Allegations Against Lynne Abraham and James Berardinelli**

Ms. Abraham and Mr. Berardinelli argue that they are immune from suit on the strength of the doctrine of absolute prosecutorial immunity.  Mr. Locke's allegations against the prosecutors relate only to actions they allegedly took (or failed to take) during Mr. Locke's criminal prosecution.[3]  <u>See</u>, Complaint ¶¶ 10, 13-16, 19, 21.

The United States Supreme Court has held that a prosecutor enjoys absolute immunity from liability for civil damages for actions related to the prosecution of a criminal case.  <u>Imbler v. Pachtman</u>, 424 U.S. 409, 422-24 (1976).  Prosecutors are entitled to absolute immunity from suit for all acts "within the scope of [their] duties in initiating and pursuing a criminal prosecution."  <u>Id.</u> at 410.  Furthermore, absolute immunity shields prosecutors from §1983 civil liability for acts associated with their function as advocates.  <u>Imbler</u>, 424 U.S. at 429.  Even if the prosecutor's malicious or dishonest acts deprive a wronged defendant of liberty, that defendant is without any civil redress against the prosecutor.  <u>Id.</u> at 427.

Because each claim against Ms. Abraham and Mr. Berardinelli alleged by Mr. Locke is rooted solely in actions taken by them in the performance of their duties as prosecutors, Ms. Abraham and Mr. Berardinelli are immune from any liability for the claims made against them in the instant suit.  Therefore, all of Mr. Locke's claims against Ms. Abraham and Mr. Berardinelli

---

[3]Mr. Locke does not mention Mr. Berardinelli by name in the Complaint.  The Court will presume for purposes of deciding the motions at issue that Mr. Locke includes Mr. Berardinelli in all claims arising from or otherwise relating to his criminal prosecution.

will be dismissed.

**C. Absolute Judicial Immunity**: **The Allegations Against Renee Caldwell Hughes and Patricia Johnson**

Judge Hughes and Ms. Johnson argue that they are immune from suit on the strength of the doctrine of absolute judicial immunity. Mr. Locke's allegations against the judge and clerk relate only to actions they allegedly took (or failed to take) while acting as judicial officers. See, Complaint ¶¶ 14, 17, 20.

Judicial defendants have absolute immunity from claims for damages arising from judicial actions. Judicial immunity is an "immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). "[G]enerally, a judge is immune from a suit for money damages." Id. at 9. "[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Id. (quoting Bradley v. Fisher, 80 U.S. 335 (1872)). A court cannot deprive a judge "of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." Stump v. Sparkman, 435 U.S. 349, 356 (1978).

A plaintiff may overcome judicial immunity in two situations. "First, a judge is not immune from suit for nonjudicial actions, *i.e.* actions not taken in the judge's judicial capacity." Mireles, 502 U.S. at 11 (citing Forrester v. White, 484 U.S. 219, 227-29 (1983)). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. (citing Stump, 435 U.S. at 356-57). However, the subject matter jurisdiction of

5

Pennsylvania courts of common pleas is extremely broad.  "[T]he courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings...."  42 Pa. C.S. § 931(a).

No interpretation of Mr. Locke's Complaint can be read to even suggest that Judge Hughes was acting in the absence of jurisdiction or outside her judicial capacity.  Rather, he alleges that his trial judge[4] denied him appropriate access to the courts and that Judge Hughes sent him a "certified response..denying plaintiff notice."  Compl. ¶¶ 14, 17.  Because Mr. Locke does not alleges any actions taken by Judge Hughes outside her official judicial role, Judge Hughes is entitled to judicial immunity for all claims against her.

Quasi-judicial immunity protects those employees of the court system who "perform functions closely associated with the judicial process," Cleavinger v. Saxner, 474 U.S. 193, 200 (1985), for example, court clerks and prothonotaries.  See, e.g., Marcedes v. Barrett, 453 F.2d 391, 391 (3d Cir. 1971).  However, "the rule only applies when a court employee is performing a 'a function directly related to the court's decision-making activities.'"  McKnight v. Baker, 415 F. Supp. 2d 559, 563 n.6 (E.D. Pa. 2006) (quoting Waits v. McGowan, 516 F.2d 203, 206 (3d Cir. 1975).  Court employees who exercise no discretion in their positions, that is, those who perform purely ministerial duties, may not be entitled to quasi-judicial immunity.  See, McKnight, 415 F. Supp. 2d at 563 n.6 (listing cases describing such situations, none of which arise here).

The only allegation Mr. Locke makes against Ms. Johnson is that while acting as the prothonotary for the Supreme Court of Pennsylvania, she determined that his motion for

---

[4]It is unclear from Mr. Locke's Complaint whether Judge Hughes conducted the criminal trial.  However, even assuming that the allegations Mr. Locke makes in paragraph 14 of his Complaint against "the trial judge" are directed against Judge Hughes, the Court must dismiss the claim.  See, *infra.*

6

reconsideration was not timely filed.  Compl. ¶ 20.  Such allegation challenges Ms. Johnson's decision-making as performed in her official position with the court.  Accordingly, quasi-judicial immunity protects Ms. Johnson from this suit.

Accordingly, all of Mr. Locke's claims against Judge Hughes and Ms. Johnson will be dismissed under the doctrine of judicial immunity.


## III. CONCLUSION

For the foregoing reasons, the Court will grant both motions to dismiss.  An appropriate Order consistent with this Memorandum follows.


BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY LOCKE, <u>PRO</u> <u>SE</u>,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | |
| | : | **NO. 07-2272** |
| **JUDGE RENEE CALDWELL, <u>ET</u> <u>AL.</u>,** | : | |
| **Defendants.** | : | |

<u>**ORDER**</u>

**AND NOW,** this May 14, 2008, upon consideration of the Motion to Dismiss filed by Philadelphia Court of Common Pleas Judge Renee Caldwell Hughes and Pennsylvania Supreme Court Chief Clerk Patricia Johnson (Doc. No. 10) and the Motion to Dismiss filed by Philadelphia District Attorney Lynne Abraham and Assistant District Attorney James Berardinelli (Doc. No. 11), IT IS HEREBY ORDERED that both Motions are GRANTED.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

8